J-S77023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :

               v.                       :

TERRELL BENNETT               :

             Appellant      :  No. 3017 EDA 2017

Appeal from the PCRA Order August 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015273-2008

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:          **FILED MARCH 27, 2019**

Appellant, Terrell Bennett, appeals *pro se* from the August 11, 2017 Order that dismissed as untimely his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In his Brief he challenges for the first time the effectiveness of assistance provided by counsel in his first PCRA Petition.  After careful review, we affirm the PCRA court's Order.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Briefly, on February 5, 2010, Appellant entered into a negotiated guilty plea to the charges of Murder of the Third Degree, Robbery, and Criminal Conspiracy[1] after Appellant admitted to police that he and two co-conspirators committed an armed robbery of a 78-year-old victim and a

---

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 3701(a)(1)(i); and 18 Pa.C.S. § 903, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

co-conspirator fatally shot the victim in the face. The trial court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration, consistent with the negotiations.

Appellant did not file a direct appeal. Thus, Appellant's Judgment of Sentence became final on March 8, 2010, upon expiration of the time to file a direct appeal.[2] **See** Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).

On February 25, 2011, Appellant filed his first PCRA Petition *pro se* challenging the legality of his negotiated sentence and the effectiveness of trial counsel for failing to raise the challenge in a post-sentence motion. The PCRA court appointed Earl G. Kauffman, Esq., as PCRA counsel. Attorney Kauffman filed a "no merit" **Turner/Finley**[3] letter on February 3, 2012, requesting to withdraw as counsel after concluding that Appellant's Petition presented no issues of arguable merit.

On May 18, 2012, the PCRA court issued a Pa.R.Crim.P. 907 Notice to Dismiss ("907 Notice") Appellant's PCRA Petition without a hearing. On August 28, 2012, after the PCRA court granted Appellant's request for extension of time to respond, Appellant filed a Response raising seven additional issues. On September 10, 2012, Attorney Kauffman filed an amended **Turner/Finley** letter concluding that Appellant's additional issues were without merit. On March 11, 2013, the PCRA court issued a supplemental 907 Notice. On

---

[2] March 7, 2010 fell on a Sunday. **See** 1 Pa.C.S. § 1908.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

September 21, 2013, after the PCRA court granted Appellant's several requests for an extension of time to respond, Appellant responded to the 907 Notice.

Based on Appellant's 907 Notice Response, on December 6, 2013, the PCRA court held an evidentiary hearing. At the hearing, Appellant advised the PCRA court of his decision to withdraw his PCRA Petition. Following a colloquy on the record, the PCRA court found that Appellant had knowingly, intelligently, and voluntarily decided to withdraw his PCRA petition.

On April 6, 2015, Appellant filed the instant *pro se* PCRA Petition, his second, challenging only the legality of his sentence pursuant to **Alleyne**.[4] On March 15, 2016, and March 29, 2016, Appellant filed an Amended PCRA Petition and a second Amended Petition entitled "Petition for Writ of Habeas Corpus," respectively, further developing his illegal sentencing claims.

On August 11, 2017, after giving proper 907 Notice, the PCRA court dismissed the Petition without a hearing as untimely.

Appellant timely filed a *pro se* Notice of Appeal. On September 19, 2017, the PCRA court ordered Appellant to file a Pa.R.A.P 1925(b) Statement within 21 days, *i.e.*, by October 10, 2017. The Order informed Appellant: "A failure to comply with such directive will be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." 1925(b) Order, 9/19/2017. Appellant failed to comply with the Order.

---

[4] **Alleyne v. United States**, 570 U.S. 99 (2013).

On November 29, 2017, the PCRA court issued a Pa.R.A.P. 1925(a) Opinion declining to address any issues because Appellant failed to file a 1925(b) Statement. On January 8, 2018, over a month after the PCRA court issued its Rule 1925(a) Opinion, Appellant filed a Pa.R.A.P. 1925(b) Statement.

In his Brief, Appellant raises only the following ineffectiveness issues:

I.   Whether P.C.R.A. Counsel [Earl G. Kauffman] violated [Petitioner's] Constitutional Right to petition the Court in a first timely P.C.R.A. Petition pursuant to both Pa. Const. Article I, §§§ 1, 9, and 11, and the Sixth Amendment by Coercing/Inducing Petitioner to withdraw his P.C.R.A./Evidentiary Hearing with the assertion that he would get Life Without Parole if he won the issue of Failure to File a Pre-Sentence Investigation. Moreover, such inducement violated Mr. Bennett's right to Present Sufficient Evidence of Mitigating Evidence at Sentencing Phase. Thus, violating the Due Process Clause of the Fourteenth Amendment.

II.  P.C.R.A. Counsel's coercion/Inducement of Mr. Bennett to Waive his Right to Petition the Court in his first P.C.R.A. Petition demonstrates a Miscarriage of Justice. Thus, violating his right under the Due Process Clause.

Appellant's Brief at 3 (verbatim).

Before we address the merits of this appeal, we must first consider whether Appellant has preserved his issues for review.

Our Supreme Court has held that in order to preserve claims for appellate review, a PCRA appellant must comply when a PCRA court orders the appellant to file a Statement of Matters Complained of on Appeal under Rule 1925. **Commonwealth v. Butler**, 812 A.2d 631, 633–34 (Pa. 2002); Any issues not raised in a timely Rule 1925(b) Statement will be deemed

waived. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). The Supreme Court has instructed that compliance with Rule 1925(b) is mandatory and we do not have discretion to permit departures from the rule's requirements. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) ("Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]").

As explained, ***supra***, the PCRA court ordered Appellant to file a Rule 1925(b) Statement within 21 days of September 19, 2017. Appellant failed to comply with this Order and file a timely 1925(b) Statement. In fact, Appellant failed to file a 1925(b) Statement until **after** the trial court issued its 1925(a) Opinion. Accordingly, we are constrained to find Appellant's issues waived.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19